UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| BARBARA HELLMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2: 11-57-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STANLEY M. CHESLEY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Plaintiffs Julane Simpson, Heather Moser, and Tom Cardosi[1] are suing Defendants Stanley Chesley, Robert Steinberg, and Waite, Schneider, Bayless, & Chesley Co., LPA for breach of fiduciary duty, professional negligence, and fraud. [Record No. 1-1] The action was originally filed in Kenton Circuit Court and was timely removed by the defendants to this Court. [Record No. 1] However, because this Court lacks subject matter jurisdiction over the claims asserted, the case will be remanded back to the Kenton Circuit Court.

**I.    Background**

This case arises out of a class action filed in state court against the Catholic Diocese of Covington, Kentucky. The plaintiffs' Complaint is based on the precise same facts and legal claims as the complaints recently dismissed in two related cases: *Anderson v. Chesley*,

---

1    Plaintiff Barbara Hellman voluntarily dismissed her claims on April 6, 2011. [See Record No. 11, 12]

-1-

No. 2: 10-116-DCR (E.D. Ky., May 27, 2010) and *Wenger v. Chesley*, No. 2: 10-117-DCR (E.D. Ky., May 27, 2010). In fact, an analysis of the complaints in this case and in *Anderson* and *Wenger* reveals that the complaints are, for the most part, precise copies of one another. *Compare* Record No. 1-1, *with Wenger*, Record No. 2, *and Anderson*, Record No. 2. For that reason, the Court will incorporate its factual summaries from the Memorandum Opinion and Order entered in those cases. *See Anderson*, Record No. 81, pp. 3–16; *Wenger*, Record No. 70, pp. 3–16.

In short, the plaintiffs in this action complain that the actions of Chesley and Steinberg caused them to receive less money in settlement of the state court action than they believe they were otherwise entitled to receive. The Boone Circuit Court approved the settlement and entered a Final Order of Dismissal on May 28, 2009. On June 3, 2009, the Boone Circuit Court also denied a request by Simpson and three other class members for: (i) a hearing to inquire about their placement in the settlement matrix; (ii) copies of their files; and (iii) a detailed accounting of the funds disbursed in the case. [Record No. 21-4] Simpson and the others appealed that ruling to the Kentucky Court of Appeals, but their appeal was dismissed for failure to join necessary or indispensable parties. [Record No. 23-4] They took no further action in state court to challenge the outcome of the Diocese litigation.

**II.   Analysis**

Before examining the factual or legal merits of a case, a district court has an obligation to determine whether it has subject matter jurisdiction over the claims presented. *Probus v. Charter Comm., LLC*, 234 F. App'x 404, 406–07 (6th Cir. 2007). In fact, even if

neither party raises the issue, the court must do so on its own initiative. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Thus, although the plaintiffs have not sought to remand, the Court considers *sua sponte* whether it has subject matter jurisdiction over the instant claims. *See Probus*, 234 F. App'x at 406. In the present case, the Court concludes it lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine precludes "'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" *Marks v. Tennessee*, 554 F.3d 619, 622 (6th Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). It applies where a plaintiff in federal court alleges injury arising out of a state-court decision. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The determining factor for *Rooker-Feldman* purposes "is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the court from asserting jurisdiction." *Id.*

This Court has already concluded that the claims asserted in both *Anderson* and *Wenger* were barred by the *Rooker-Feldman* doctrine. *See Anderson*, No. 2: 10-116-DCR (E.D Ky. Aug. 1, 2011); *Wenger*, No. 2: 10-117-DCR (E.D. Ky. Aug. 1, 2011). The same analysis applies here. The plaintiffs' injury is a less-than-desired payout in the state court proceeding. *See Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996) (dismissing, on *Rooker-Feldman* grounds, a federal complaint by members of a state court class action against class counsel alleging, *inter alia*, fraud, legal malpractice, and breach of fiduciary duty). However, the Boone Circuit Court has already determined — following a

fairness hearing and extensive analysis — that the settlement in the Diocese litigation was fair, reasonable, and adequate. [*See* Record No. 28-20] The Boone Circuit Court's determination also included a finding that counsel's performance was sufficient. [*Id.*] For this Court to find the contrary "would run directly into the state court finding." *Kamilewicz*, 92 F.3d at 511. Thus, because their "injuries are a result of the state court judgment," the plaintiffs' claims are barred by *Rooker-Feldman*. *Id.*

When the Court determines that it lacks subject matter jurisdiction over removed claims, remand is mandatory. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added)). And because the *Rooker-Feldman* doctrine is jurisdictional in nature, this rule applies with equal force when the plaintiffs' claims fall under its bar. *See Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 874 (E.D. Mich. 2010) ("[T]he existence of any subject matter jurisdiction defect mandates remand."). Thus, the Court must remand this case to the Kenton Circuit Court for further consideration.

### III. Conclusion

This Court lacks subject matter jurisdiction to consider the plaintiffs' claims. Accordingly, it is hereby

**ORDERED** as follows:

1. This case is **REMANDED** to the Kenton Circuit Court;

2. The Defendants' Motion for Judgment on the Pleadings [Record No. 28] and Motion to Stay [Record No. 31] are **DENIED**, as moot; and

3.      This action is **STRICKEN** from the Court's docket.

This 2nd day of August, 2011.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge